**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| BRYCE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00036-SNLJ |
| | ) |
| MARK DOBBS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is the application of self-represented plaintiff Bryce Davis to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant the motion. Furthermore, based upon an initial review the Court will order plaintiff to file an amended complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2) for December 21, 2021 to March 14, 2022. Having reviewed this statement, the Court finds plaintiff has an average monthly deposit of $103.66. The Court will order plaintiff to pay an initial partial filing fee of $20.73, which is 20% of his average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff is a pretrial detainee being held at the Butler County Jail in Poplar Bluff, Missouri. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 against Mark Dobbs, Sheriff, Butler County; Rodger Burton, Jail Administrator, Butler County; and the following correctional officers at the Butler County Jail: Dave Light; Mike McMean; Samuel T; Lakeisha Miller; Luke Unknown; Lane Schumer; Unknown Shipman; Shane Unknown; Alan Jones; Franscisco Vega; Dana Unknown; Matthew Ice; Jeff Unknown; Unknown Taylor; J. Allen; and Unknown Ketchum. Plaintiff brings his claims against defendants Mark Dobbs and Rodger Burton in their individual and official capacities. Plaintiff has not indicated in what capacity he sues the remaining sixteen defendants.

Plaintiff's allegations concern the living conditions at the Butler County Jail. Specifically, plaintiff states that from the date of his arrest on December 21, 2021 to the date of his filing on March 28, 2022, he has had no working light in his cell, no running water, and no air blown out of the heating vents. He states that he gets a small Styrofoam cup of water with each meal, but that there is otherwise no water available in his cell. His toilet does not flush.

On December 21, 2021, plaintiff notified CO Sam of these conditions and was told that other inmates were experiencing the same problems and maintenance had been called. Plaintiff then told CO Lakeisha Miller of these conditions. She responded that she would report the conditions to her superiors. Later, she told plaintiff that her superiors responded, "If [the inmates are] not dying or near death not to worry about it."

Plaintiff reported the conditions to CO Mike McMean, and he responded that maintenance was aware of the situation and "when [the maintenance employee] has time, he'll get to me."

Plaintiff then talked to Jail Administrator Consult, Dave Light. Mr. Light told plaintiff that he would send Alan Jones that day to fix it, otherwise he would move plaintiff out of f-pod. Neither event occurred.

In early to mid-March, maintenance man Alan Jones came to plaintiff's cell in f-pod, and said he would have to return to fix the lights another time because "the main breaker is on so he doesn't know what's going on with it." Mr. Jones also told plaintiff not to worry about the exposed wires hanging in his cell, that the wires were not the reason the lights were off. Plaintiff states that he notified the following officers of the conditions in his cell: CO Luke, CO Ice; CO Jeff; CO Shipman; CO Lane Schumer; CO Ketchen; and CO J. Allen.

Next, plaintiff alleges the jail's food is inadequate. He states he was never given fruit. He was only given water to drink with meals. The food often comes scorched or burnt. The portions are of a size sufficient only for an adolescent child. Inmates have to eat with disposable combination spoon/forks, which they are forced to reuse for each meal. Plaintiff alleges that all of the officers responded that "they would see what they could do," there "was nothing they could do," or that "their superior told them 'no.'" CO Vega responded that he told Alan, Mike, and Dave but that was all he could do about the situation.

Plaintiff then lists twenty-four other complaints he has about the conditions at the Butler County Jail. In addition to the conditions he had already identified, he adds that prisoners are exposed to black mold; do not have adequate cleaning supplies; have not had laundry exchanged in nearly a month; cell doors do not properly lock; they have no razors or clippers; haircuts are only offered once per month; they have no socks, underwear, or towel; they are only given a blanket and a foam mat; there are no sheets or pillows; there is no grievance process; three men

occupy two-men cells, with one man sleeping on the floor; there is often hair in the food; food trays are often dirty; food is served by officers without beard guards; they receive cold food; and the jail has no proper quarantine procedures.

As a result of these conditions, plaintiff alleges he has suffered sensitive skin, dehydration, hip and back problems, digestive problems, mental strain, exhaustion, and constipation. For relief, he states that he "want[s] the jury to decide what happens because I feel their judgment would be better than mine."

## Discussion

Because plaintiff is proceeding in forma pauperis, the Court reviews his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is deficient and subject to dismissal. However, plaintiff will be given an opportunity to file an amended complaint according to the instructions set forth below.

### A.   Deficiencies in the Complaint

Plaintiff's complaint is deficient and subject to dismissal for several reasons. First his official capacity claims against defendants Dobbs and Burton are treated as being made against Butler County, their employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). Plaintiff has not sufficiently alleged a municipal liability claim against the county. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). While plaintiff broadly complains about the Butler County Jail's conditions, he does not attribute these conditions to any unconstitutional policy,

custom, or failure to train on the part of the county itself. Thus his claims against defendants Dobbs and Burton brought in their official capacities are subject to dismissal.

Second, plaintiff has failed to state individual capacity claims against defendants Dobbs and Burton because he has not demonstrated their personal liability for violating his constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (explaining that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Specifically, plaintiff's only allegation against Sheriff Dobbs is that he did not respond to plaintiff's grievances. There is no support for plaintiff's contention that he has a constitutional right to personally speak with the Sheriff of Butler County. Furthermore, plaintiff alleges no facts establishing that Dobbs was personally responsible for violating plaintiff's rights. As to defendant Burton, plaintiff states that he notified Burton of his issues, and Burton said he would send the maintenance man to fix the conditions that day or move plaintiff out of f-pod.

Third, plaintiff does not indicate the capacity in which he has sued the remaining sixteen defendants. As such, the Court must assume that these defendants are sued in their official capacities only. *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"). An official capacity claim is treated as being made against defendants' employer. However, as discussed above, plaintiff has not stated a municipal liability claim against Butler County.

Even if plaintiff had sued the remaining defendants in their individual capacities, he has not demonstrated each person's direct responsibility for a constitutional harm. That is, he has not shown that each individual bore personal responsibility for the conditions in the jail. To the

contrary, most of his allegations concern the various defendants attempting to answer his questions or provide assistance.

Rather than dismissing the complaint, plaintiff will be given an opportunity to file an amended complaint according to the instructions set forth below. Failure to follow these instructions may result in the dismissal of this action.

**B.     Amendment Instructions**

Pursuant to the Local Rule, plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). If the amended complaint is handwritten the writing must be legible.

In the "Caption" section of the form, plaintiff should clearly name each party he intends to sue. *See* Fed. R. Civ. P. 10(a). If there is not enough room in the caption, plaintiff may add sheets of paper. All defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth

as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. As discussed above, the failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one days in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C.     Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appoint counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Specifically, as discussed above, the Court has determined that plaintiff's complaint is deficient and has ordered him to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

### D.     Motion to Supplement Complaint

Finally, plaintiff has filed a motion to supplement his complaint to add defendants Officer Bill Unknown and Officer Unknown Pennington. Because the Court is ordering plaintiff to amend

his original complaint, plaintiff's motion to supplement the original complaint will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $20.73 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** at this time. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his original complaint is **DENIED as moot**. [ECF No. 6]

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further

notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this _29th_ day of September, 2022.

                                                                     STEPHEN N. LIMBAUGH, JR.
                                                                     SENIOR UNITED STATES DISTRICT JUDGE